IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| IRVING YOUNG, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 5:12-CV-221 (MTT) |
| | ) |
| PROGRESSIVE MAX INSURANCE CO, | ) |
| | ) |
|     Defendant. | ) |

## ORDER

This matter is before the Court on the Defendant's Motion for Summary Judgment (Doc. 11) and the Plaintiff's Motion for Summary Judgment (Doc. 14). For the following reasons, the Defendant's Motion is **GRANTED**, and the Plaintiff's Motion is **DENIED**.

### I.  FACTUAL BACKGROUND

On December 8, 2006, Plaintiff Irvin Young was involved in an automobile accident with Vincent Fallin. (Doc. 12 at ¶ 1). Fallin died as a result of the accident, and Young was seriously injured. (Doc. 12 at ¶ 3). Fallin was solely at fault in causing the accident. (Doc. 12 at ¶ 2). The vehicle driven by Fallin was insured by Defendant Progressive Max Insurance Co. under a policy issued to his parents, DeWayne Fallin and Barbara Fallin. (Doc. 12 at ¶ 4). On November 6, 2006, DeWayne Fallin signed a Named Driver Exclusion Election form to list his son as an excluded driver on the policy. (Doc. 12 at ¶¶ 5-6).

After the accident, Progressive investigated Young's claim and denied coverage to the Estate of Vincent Fallin and to his parents pursuant to the named driver exclusion endorsement in the policy. (Doc. 12 at ¶ 9). Young filed suit in the Superior Court of Dooley County in 2008 against the Estate of Vincent Fallin for negligence and against DeWayne and Barbara Fallin under a theory of negligent entrustment. (Doc. 12 at ¶ 10). Young obtained a consent judgment for $850,000 against the Fallins in the state action, which assigned Young the right to pursue "a claim or lawsuit against [Progressive] for failure to provide a defense to [the Fallins] … as a result of the lawsuit for personal injury filed by … [Young]." (Doc. 12 at ¶¶ 11-12).

## II. DISCUSSION

### A. Motion for Summary Judgment Standard

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A factual dispute is genuine only if 'a reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1437 (11th Cir. 1991)). The burden rests with the moving party to prove that no genuine issue of material fact exists. *Info. Sys. & Networks Corp.*, 281 F.3d at 1224. The party may support its assertion that a fact is undisputed by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

"'If the moving party bears the burden of proof at trial, the moving party must establish all essential elements of the claim or defense in order to obtain summary judgment.'" *Anthony v. Anthony*, 642 F. Supp. 2d 1366, 1371 (S.D. Fla. 2009) (quoting *Four Parcels*, 941 F.2d at 1438). The moving party must carry its burden by presenting "credible evidence" affirmatively showing that, "on all the essential elements of its case, on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." *Four Parcels*, 941 F.2d at 1438. In other words, the moving party's evidence must be so credible, that if not controverted at trial, the party would be entitled to a directed verdict. *Id*.

"If the moving party makes such an affirmative showing, it is entitled to summary judgment unless the nonmoving party, in response, 'comes[s] forward with significant, probative evidence demonstrating the existence of a triable issue of fact.'" *Id.* (quoting *Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991)) (alteration in original). However, "credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. … The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Thus, the Court "'can only grant summary judgment if everything in the record demonstrates that no genuine issue of material fact exists.'" *Strickland v. Norfolk S. Ry. Co.*, 692 F.3d 1151, 1154 (11th Cir. 2012) (quoting *Tippens v. Celotex Corp.*, 805 F.2d 949, 952 (11th Cir. 1992)).

**B. Policy Language in Dispute**

The Named Driver Exclusion Election form, naming Vincent Fallin as an excluded driver, provides:

> No coverage is provided for any claim arising from an accident or loss involving a motorized vehicle being operated by an excluded driver. This includes any claim for damages made against any named insured, resident relative, or any other person or organization that is vicariously liable for an accident or loss arising out of the operation of a motorized vehicle by the excluded driver.

(Doc. 12-2). The Fallins' policy with Progressive contains a Named Driver Exclusion Endorsement which provides:

> If **you** have asked **us** to exclude any person from coverage under this policy, then **we** will not provide coverage for any claim arising from an accident or loss involving a motorized vehicle being operated by that excluded driver. This includes any claim for damages made against **you**, a **relative**, or any other person or organization that is vicariously liable for an accident arising out of the operation of a motorized vehicle by the excluded driver.

(Doc. 12 at ¶ 8). Named driver exclusions are enforceable under Georgia law[1] as long as they are "clear, unambiguous and supported by consideration … and do not violate public policy or compulsory insurance laws." *Adams v. Atlanta Cas. Co.*, 235 Ga. App. 288, 289, 509 S.E.2d 66, 68 (1998) (citation omitted). These exclusions are enforceable without "requiring an inquiry into the availability of other insurance to the injured party." *Ison v. State Farm Fire & Cas. Co.*, 230 Ga. App. 554, 555, 496 S.E.2d 478, 480 (1998).

**C. Whether the Policy Language is Ambiguous**

The Parties dispute whether Young's claim is excluded from coverage under the Named Driver Exclusion Election form and Named Driver Exclusion Endorsement.

---

[1] The Parties agree that the policy issued by Progressive to the Fallins is governed by Georgia law.

Young argues that the named driver exclusion at issue is clearly limited to claims for "vicarious liability," and therefore, Young's claim against the Fallins for negligent entrustment is not precluded from coverage by this exclusion. Young further argues that if the Court were to find that the exclusion is not clearly limited to vicarious liability claims the Court should then find the exclusion to be "ambiguous at best." (Doc. 18 at 1). In that case, Young concludes, the rules of contract construction would apply, and under those rules, the exclusion must be strictly construed against Progressive and in favor of Young. Progressive, however, contends that Young has erroneously read the second sentence of the exclusion to limit the first sentence, and the phrase "any claim" in the first sentence is not rendered ambiguous simply because Progressive chose to include a non-exhaustive list of claims that are excluded from coverage.

To reach the conclusion that the exclusion distinguishes between vicarious liability and negligent entrustment claims, Young asserts that "[n]egligent entrustment is its own tort that is separate and distinct and does not arise from any situation which may give rise to the doctrine of vicarious liability." (Doc. 14-1 at 6). The Court agrees that lawyers typically use "vicarious liability" to describe the imposition of liability solely on the basis of status, such as the liability of an employer for the acts of an employee or of a principal for the acts of an agent. The theory of negligent entrustment, on the other hand, imposes liability based on one's own acts. However, it is not clear, under Georgia law, that the concept of vicarious liability does not include the tort of negligent entrustment. In *Ditmyer v. American Liberty Insurance Co.*, the Georgia Court of Appeals noted that negligent entrustment "is a means invented for attaching vicarious liability for the negligence of the incompetent driver when there may be no other way of

reaching the entrustor." 117 Ga. App. 512, 521, 160 S.E.2d 844, 851 (1968). Nevertheless, for the purpose of resolving the Parties' Motions, the Court will assume that the second sentence refers to vicarious liability in a way that does not encompass negligent entrustment claims. Thus, the Court must determine whether the second sentence of the exclusion redefines and limits the meaning of "any claim" in the first sentence or otherwise renders the exclusion language ambiguous.

"[I]n Georgia, insurance is a matter of contract, and the parties to an insurance policy are bound by its plain and unambiguous terms." *Hays v. Ga. Farm Bureau Mut. Ins. Co.*, 314 Ga. App. 110, 111, 722 S.E.2d 923, 925 (2012) (citation omitted). When there is a conflict over coverage, a court must first determine whether, as a matter of law, the policy language at issue is ambiguous. *Id.* at 111, 722 S.E.2d at 925-26. "[A]mbiguity exists when the language may be fairly understood in more than one way; language is unambiguous if it is capable of only one reasonable interpretation." *Fulton Greens Ltd. P'ship v. City of Alpharetta*, 272 Ga. App. 459, 463, 612 S.E.2d 491, 494 (2005) (internal quotations and citation omitted). If the language of the contract is plain and unambiguous, then the court enforces the contract under its literal meaning and does not need to use the rules of contract construction. *Barkwell v. Sprint Commc'ns Co.*, 2010 WL 5069912, at *4 (M.D. Ga.). "In determining whether a contract is ambiguous, the courts generally interpret the contract by looking at the agreement as a whole, giving each word and phrase its plain, grammatical meaning." *Id.*

Young more or less concedes that Progressive would not have been required to provide coverage to the Fallins had the excluded driver form contained only the first

sentence.[2] However, Young argues that his claim does not fail because Progressive rendered the language in the first sentence ambiguous by including the second sentence which "defines what the named exclusion actually bars." (Doc. 16 at 2). Thus, Young concludes that the Court should find Progressive intended to bar only vicarious liability claims based on the ordinary and legal meanings of the words used in the second sentence.

The Court cannot agree with Young's interpretation of the second sentence. Young essentially reads the second sentence of the exclusion to say, "[t]his *means* any claim for damages made against any named insured, resident relative, or any other person or organization that is vicariously liable." But the second sentence plainly states that the exclusion "*includes* any claim for damages" based on vicarious liability. "Include" means "[t]o contain as a part of something[,]" indicates a partial list, and is synonymous with the phrases including without limitation and including but not limited to. BLACK'S LAW DICTIONARY (9th ed. 2009). Thus, the second sentence of the exclusion does not operate to define or limit the meaning of "any claim" in the first sentence but instead, merely lists an example of what claims would be excluded under the named driver exclusion. The Court cannot find that the language used was unclear, and therefore, the exclusion was not ambiguous.

Because the Court finds the exclusion to be unambiguous, the exclusion should be enforced as written, and the Court need not turn to the rules of contract construction. An unambiguous named driver exclusion "must be given effect even if beneficial to the insurer and detrimental to the insured." *Kovacs v. Cornerstone Nat. Ins. Co.*, 318 Ga.

---

[2] Young states, "Had the language of the exclusion stopped after the first sentence, … [Young's] claim would most likely fail." (Doc. 14-1 at 6).

App. 99, 101, 736 S.E.2d 105, 107 (2012).  The Court should "not strain to extend coverage where none was contracted or intended." *Id*.

Young attempts to distinguish the policy language in the cases cited by Progressive because the language at issue was either drafted so broadly as to not preclude negligent entrustment claims or more precisely to include negligent entrustment claims as part of the named driver exclusion.[3]  While the policy exclusions at issue in those cases used different language than the one presented here, nothing from those cases suggests that the language here should be read to require coverage for negligent entrustment claims.

Further, Young does not argue that a negligent entrustment claim could withstand a validly drafted exclusion or that excluding negligent entrustment claims would somehow violate public policy.  Instead, Young states, "Had Progressive drafted a named driver exclusion with no ambiguity, there would be nothing for the Court to decide[.]"  (Doc. 16 at 10).  The Court finds that the named driver exclusion is not ambiguous and excludes coverage for "*any claim* arising from an accident or loss involving a motorized vehicle being operated by an excluded driver," including claims of negligent entrustment.  Because coverage is precluded for negligent entrustment claims, Progressive was not obligated to defend or indemnify the Fallins in the

---

[3] *See, e.g.*, *Manning v. USF&G Ins. Co.*, 264 Ga. App. 102, 103, 589 S.E.2d 687, 688 (2003) (The "insurance policy excluded coverage for: 'bodily injury' or 'property damage': ... (f) Arising out of: (1) The ownership, ... [or] use ... of motor vehicles ...; (2) The entrustment by an "insured" of a motor vehicle ... to any person; or (3) Vicarious liability, whether or not statutorily imposed, for the actions of a child or minor using a conveyance excluded in paragraph (1) or (2) above."); *Progressive Preferred Ins. Co. v. Browner*, 209 Ga. App. 544, 545, 433 S.E.2d 401, 402-03 (1993) ("[I]nsurance afforded by this policy shall not apply with respect to any claim arising from accidents which occur while the automobile described in the policy or any other automobile to which the terms of the policy are extended is being driven or operated, either with or without the permission of the named insured ….").

underlying state court action under the policy language.[4]  Accordingly, Progressive is entitled to summary judgment on its Motion.[5]

### III. CONCLUSION

For the foregoing reasons, Progressive's Motion for Summary Judgment is **GRANTED**, and Young's Motion for Summary Judgment is **DENIED**.

**SO ORDERED**, this the 6th day of June, 2013.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[4] *See Am. Family Life Assurance Co. v. U.S. Fire Co.*, 885 F.2d 826, 831 (11th Cir. 1989) (noting that "the duty to defend is coextensive with coverage").

[5] Young also brought a claim for punitive damages for Progressive's failure to defend or settle the underlying state action.  However, Young has withdrawn this claim because the Fallins may not assign their claim for punitive damages to Young.  *See Empire Fire & Marine Ins. Co. v. Driskell*, 264 Ga. App. 646, 649, 592 S.E.2d 80, 83 (2003) ("Under Georgia law, the right to punitive damages cannot be assigned.").